UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Tammy Lynn Stoe,

        Plaintiff,

vs.

D.W. Jones Management Inc.;
Pam Mueller, Leasing Agent,
D.W. Jones Management Inc.;
Michelle Clodfeller, Regional
Rep., D.W. Jones Management
Inc.; Judge Donna K. Dixon;
Judge John P. Smith; Judge Jon
Maturi; State of Minnesota;
Gold Mark; Cerrie Diaz; Rental
Rep, Gold Mark; Advantage Credit
Bureau; Cassidy (last name
unknown), Advantage Credit Bureau
Employee,

        Defendants.        Civil No. 09-2672 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of Plaintiff Tammy Lynn Stoe for leave to proceed <u>in forma pauperis</u> ("IFP").  See, <u>Docket Nos. 2, 6</u>.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed for failure to state a claim upon which relief can be granted.

II.  Factual and Procedural Background

On September 28, 2009, the Plaintiff commenced this action by the filing of a Complaint with the Clerk of Court.  See, <u>Docket No. 1</u>.[1]  At that same time, the Plaintiff also filed the IFP Application now before us.  However, in our initial review of IFP Application, we found the Plaintiff's Complaint defective because it failed to identify any grounds for Federal subject matter jurisdiction, and because it failed to comply with elemental pleading requirements.

---

[1] On the same date that the Plaintiff filed this action, the Plaintiff also filed two (2) other actions now pending before this Court.  See, <u>Stoe v. RHR Information Services Inc.</u>, Civ No. 09-2671 (JRT/RLE); <u>Stoe v. Fosston Family Dental</u>, Civ No. 09-2673 (RHK/RLE).

Accordingly, by Order dated October 7, 2009, we deferred a decision on the Plaintiff's IFP Application in order to afford the Plaintiff an opportunity to amend her Complaint so as to cure the deficiencies. In pertinent part, our Order provided as follows:

> If the Plaintiff elects to file an Amended Complaint, she must do so **by no later than November 6, 2009.** If the Plaintiff does not file an Amended Complaint within the time allowed, we will recommend that this action be dismissed without prejudice, pursuant to Rule 41(b), Federal Rules of Civil Procedure.

See, Docket No. 4, p. 6 [emphasis in original].

Thereafter, on October 23, 2009, the Plaintiff filed an Amended Complaint. See, Amended Complaint, Docket No. 5.

In her Amended Complaint, the Plaintiff cites to the Uniform Residential Landlord Tenant Act ("URLTA"), and the United States Constitution, as the bases for her claims. Specifically, the Plaintiff alleges as follows:

> There exists an unresolved Landlord and Tenant dispute that continues to cause extreme harm to plaintiff. The Minnesota judicial system will not allow plaintiff to access the American judicial system to resolve the unresolved, harmful dispute.
>
> * * * [Judge Donna K. Dixon] engaged in judicial misconduct, violating canons of law when conducting judicial business. * * * [Judge John P. Smith and Judge

> Jon Maturi] will not allow plaintiff to access the American judicial system to resolve a Landlord/Tenant dispute that continues to cause extreme damage to plaintiff.

Id. at pp. 3-4, ¶¶3-4.

The Plaintiff also alleges that a number of the Defendants are involved in a Landlord/Tenant dispute, and as a result of their involvement in that dispute, they have contributed to her harm. In addition, she asserts that the State of Minnesota is liable as the employer of the Judges, who the Plaintiff claims have engaged in wrongdoing. As relief, the Plaintiff seeks the maximum monetary compensation allowed by law, and the loss of the Defendants' professional licenses. Id. at pp. 5-6, ¶5.

In addition to her Complaint, the Plaintiff has submitted a number of documents, on which the Plaintiff has appended various handwritten notes and descriptions. Those documents reveal that the Defendant D.W. Jones Management, Inc. ("D.W. Jones"), filed an eviction action against the Plaintiff in March of 2006, in the Minnesota District Court for Marshall County, for failure to pay rent. See, Docket No. 5-1, at pp. 1-2. It appears that the Plaintiff was evicted pursuant to a Court Order, which appears to have been issued by the Defendant Judge Donna K. Dixon. Id. at pp. 2-4.

Some of the documents relate to that eviction action, while others relate to subsequent lawsuits that the Plaintiff filed, all of which appear to arise out of the circumstances of the Plaintiff's eviction. On March 8, 2006, the Defendant Judge John Smith, dismissed the Plaintiff's lawsuit against D.W. Jones, because he found "the action to be frivolous and without merit on its face." Id. at p. 3.

The documents further reveal that, in February of 2008, the Plaintiff filed two (2) more lawsuits, in which D.W. Jones was again named as a Defendant. Id. at pp. 8-9. Apparently, the Plaintiff was subject to a Court Order, which required written approval of the Chief Judge of the Ninth Judicial District prior to the filing of pleadings or documents with that Court. Id. The Plaintiff appears to have been denied permission to file a Complaint because she failed to state a viable claim, in both instances. Id.

The Plaintiff has also attached documents from a collection action for charges resulting from her earlier eviction, a document indicating that the debt was reported to a credit agency, and a document showing that the Plaintiff was denied rental housing on or about September 4, 2009. Id. at pp. 6-7, 10-14.

III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading fails to state a legally cognizable claim upon which relief can be granted.

As noted, in our Order of October 7, we advised the Plaintiff that, if she elected to file an Amended Complaint, her new pleading would have to cure the defects of her original Complaint. We expressly informed the Plaintiff that her Amended Complaint must satisfy the elemental pleading requirements set forth at Rules 8-11, Federal Rules of Civil Procedure, and that the Plaintiff's Amended Complaint must "clearly identify each individual Defendant that the Plaintiff is attempting to sue, and it must provide a clear and concise explanation of **the factual and legal grounds** on which the claims against each individual Defendant are based, **and the jurisdictional bases for her claims**." Docket No. 4, supra at p. 6 [emphases added]. We further directed the Plaintiff to "explain the underlying facts of her case, **in separate numbered paragraphs**." Id. at p. 6 [emphasis in original].

It appears that the Plaintiff has been unable, or unwilling, to cure the defects in her original Complaint. Most importantly, the Plaintiff's Amended Complaint does not present a cogent set of historical facts which, if proven true, would entitle the Plaintiff to legal redress against the named Defendants.

The Plaintiff's Complaint contains almost no facts, aside from the smattering of facts that can be gleaned from the documents she has submitted, and it relies primarily on conclusory allegations of wrongdoing and harm. As best as we can discern, the Plaintiff asserts that she has a Landlord/Tenant dispute, and that she has been unable to resolve this dispute through the State Courts thus far, which has resulted in harm. Beyond that, it is unclear what any of the named Defendants have done to contribute to this, aside from her bare allegation that the Judges denied her access to the Courts. Indeed, the only allegation against a majority of the other Defendants is that they are involved in a Landlord/Tenant dispute that has caused her harm. The Plaintiff certainly has not described what each individual Defendant allegedly did, or failed to do, so as to entitle her to a Judgment against each of them. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also,

Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

Moreover, the Plaintiff's Amended Complaint does not identify the applicable legal grounds for the Plaintiff's attempted lawsuit against the named Defendants, much less disclose what jurisdiction this Court has over the subject matter of the Plaintiff's grievances, whatever they may be.[2]

We further note that, to the extent the Plaintiff's Amended Complaint appears to assert claims against Judge Jon Maturi, Judge Donna K. Dixon, and Judge John P.

---

[2] The Plaintiff has made a passing reference to the "Uniform Residential Landlord and Tenant Act" ("URLTA"), as a basis for her claims. URLTA appears to be a Uniform Law promulgated by the National Conference of Commissioners on Uniform State Laws, which has been enacted in a number of states. See, Unif. Residential Landlord & Tenant Act, Refs & Annos., (2006). Accordingly, it is not binding statutory law, unless and until it has been enacted into law by some legislative body. Here, it is not clear if the Plaintiff is referring to any particular statute enacting the Uniform Law, nor is it clear how any such unidentified statute would be applicable here. Accordingly, the mere mention of this URLTA hardly establishes the purported legal grounds for her claims. Similarly, to the extent that the Plaintiff asserts a claim based upon the United States Constitution, that hardly establishes what the Plaintiff's purported claims are. Our only guess is that she is asserting a claim based upon a constitutional right of access to the Courts. With respect to a majority of the Defendants, the Plaintiff has not alleged any act or omission on their part that would have hindered any asserted right, in that respect. In addition, to the extent that the Plaintiff attempts to allege that a number of Judges have violated this right by denying her claims, such claims are barred by absolute immunity, as we detail in the text of this Opinion.

Smith (collectively, "the judicial Defendants"), the Plaintiff has again not clearly identified the legal doctrine, principle, or theory, on which her claims are purportedly based. Our best guess is that the Plaintiff may be attempting to sue the judicial Defendants under Title 42 U.S.C. §1983, for allegedly violating her constitutional right of access the Courts. However, we note that this is pure conjecture, as the Complaint does not mention Section 1983, or any specific Federal constitutional provisions.

Nevertheless, we find that any claim, that the Plaintiff may have as to the judicial Defendants, is undoubtedly frivolous because Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003), cert. denied, 541 U.S. 987 (2004), quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from Section 1983 liability."); Maness v. District Court of Logan County-Northern Div., 495 F.3d 943, 944 (8th Cir. 2007). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Penn v United States, supra at 789-790, quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978). The Supreme Court has explained, as follows:

> If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump v. Sparkman, supra at 357 n.7.

Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Id. at 356-357.

Here, as far as we can tell, the only allegation that the Plaintiff has asserted is that the Judges dismissed her lawsuits for failing to state a cognizable claim, and for asserting frivolous causes of actions. A Judge's decision to dismiss a case is clearly within a Judge's judicial function. Moreover, the Plaintiff has alleged no facts that would even remotely suggest any of the Judges were acting **in the absence of all jurisdiction.** Accordingly, we find that the Plaintiff's claims, as to the judicial Defendants, are frivolous and fail to state a claim upon which relief can be granted. See, Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992)(affirming the District Court's dismissal of a complaint as frivolous under Section 1915(d), where there was no basis for concluding that the Judges "clearly lacked jurisdiction."); McCaw v. Winter, 745 F.2d 533, 534-535 (8th Cir. 1984)(affirming dismissal of civil rights claim as frivolous

under Title 28 U.S.C. §1915(d), where the Judge presiding over the plaintiff's criminal Trial was absolutely immune from liability); <u>Regino v. Reynolds</u>, 2009 WL 2781755 at *2 (E.D. Ark., August 31, 3009)(dismissing the plaintiff's claims against a Judge, where they were unclear, but appeared to challenge the judicial functions).[3]

Similarly, the Plaintiff's asserted claims against the State of Minnesota are also frivolous, and fail to state a claim upon which relief can be granted. It is well settled that States, and their agencies, are immune from suit in Federal Court, under the Eleventh Amendment, unless the State has consented to suit, see, <u>Pugh v. Alabama</u>, 438 U.S. 781, 782 (1978), or Congress has abrogated the State's immunity by some **express statutory** provision. See, <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66-67 (1989); <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 619 (8th Cir. 1995). The Plaintiff has not asserted any allegation in her Complaint which would suggest that the State of Minnesota has consented to suit, nor has she identified any act of Congress that would abrogate the Defendants' apparent immunity. Indeed, as we have previously discussed, the Plaintiff has not even identified any specific

---

[3]Moreover, to the extent that the Plaintiff requests that any applicable licensure be revoked, we are aware of no authority that would permit this Court to revoke professional licenses, whether to practice law, or to engage in some other professional endeavor.

substantive law, aside from a brief mention of the United States Constitution, and the URLTA, upon which her claims are based. Therefore, it appears that the Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment.

In sum, since the Plaintiff has failed to plead a cause of action on which relief can be granted, we recommend that this case must be summarily dismissed, without prejudice, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii). Similarly, given the absence of an actionable claim, we further recommend that her IFP Application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket Nos. 2, 6] be denied, as moot.

2. That this action be summarily dismissed, without prejudice, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: January 11, 2010                             *s/Raymond L. Erickson*
                                                               Raymond L. Erickson
                                                               CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 25, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **January 25, 2010**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.